JOHN LEE SHOE CO., INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10061. Promulgated March 23, 1928.

*Edgar G. Goodrich, Esq.,* for the petitioner.
*P. M. Clark, Esq.,* and *C. C. Holmes, Esq.,* for the respondent.

188

OPINION.

MILLIKEN: The relief asked by the petitioner is alternative, viz, it first claims the right to file a consolidated return with the John Lee Shoe Co. of Ashland, Ky., or, if that be denied, then the second assignment of error is urged.

The Board has repeatedly stated that affiliation must depend on the facts in each particular case, that no hard and fast rule can be laid down for guidance, and percentages of stock ownership may not be the sole criterion for a determination of the question.

In the case at bar, the Kentucky corporation was organized merely for convenience and in order to give the local manager, as an incentive to greater effort, an interest in that branch of the business of petitioner. The stock which Johnson was allowed, was issued to him with the distinct understanding that, should he leave the employ of the Kentucky corporation or otherwise wished to dispose of his stock, the same should first be offered to petitioner at par and that par

would be paid for it. The two corporations were also operated as a business and economic unit. Based upon all the facts of record, we are of the opinion that the two corporations should be permitted to file a consolidated return for the period in question. Compare *Isse Koch & Co.*, 1 B. T. A. 624; *Hagerstown Shoe & Legging Co.*, 1 B. T. A. 666; *H. V. Greene & Co.*, 5 B. T. A. 442, and *H. B. Smith Machine Co.*, 7 B. T. A. 525. Such a decision renders unnecessary a decision on the second assignment of error.

*Judgment will be entered on 15 days' notice, under Rule 50.*